**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Edward Scott, II, | No. CV-19-04800-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Hertz, | |
| Defendant. | |

Before the Court are Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I. Application to Proceed in District Court Without Prepaying Fees or Costs**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). In the application to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, his motion will be granted.

**II.     LEGAL STANDARDS**

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> > (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10 requires that:
> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Finally, Rule 11 requires a party to sign his pleading. Fed. R. Civ. P. 11.

Where a complaint contains the factual elements of a cause of action, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction and Pleading in Federal Court**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject

matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

**C. Title VII**

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., ("Title VII") provides that it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). The anti-discrimination provision of Title VII seeks to secure a workplace free from discrimination on the basis of race, religion, sex, or national origin.

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the [Equal Employment Opportunity Commission ("EEOC") ], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B.*, 276 F.3d at 1099 (citing 42 U.S.C. § 2000e–5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." *Id.* (internal quotation marks and citation omitted).

A plaintiff must file an administrative claim with the EEOC against his employer within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5. This administrative claim is a prerequisite to the filing of a civil action against that employer under federal law. *Id.* Title VII provides that within ninety days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1).

### III. DISCUSSION

Here, Plaintiff alleges discrimination occurring in Arizona during Plaintiff's

employment. Plaintiff asserts that employees verbalized wanting to kill or shoot the Plaintiff, calling him "nasty" and causing him "not going me to the job, fear, mental disturbances, and not being able to function on jobs." (Doc. 1 at 2). Plaintiff further states that the EEOC issued a right to sue letter. Plaintiff seeks damages of thirteen billion dollars. No further facts are alleged.

The Court finds that the Complaint fails to comply with Fed. R. Civ. P. 8(a). Plaintiff has failed to state sufficient facts to support a cognizable legal theory. The Court is unable to determine when, where, how, and by whom the Defendant failed to conduct itself in accordance with the law. The Supreme Court has explained that a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Courts must review a complaint as it is pled because the party bringing "suit is master to decide what law he will rely upon." *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987)).

The Court will grant Plaintiff leave to file a First Amended Complaint that precisely states the legal cause of action for which he seeks relief, the authority under which the Court has jurisdiction to hear the case, and the factual basis supporting a cognizable legal theory. If Plaintiff is seeking relief pursuant to Title VII for discrimination, Plaintiff must indicate when the Notice of Right to Sue Letter was received as required for asserting a Title VII violation, in order for the Court to determine whether this case has been timely filed. The Court further finds that Plaintiff has failed to state a Title VII claim.

Plaintiff must sign his pleading. A Complaint that is not signed may be stricken by the Court. Plaintiff shall also set forth his cause of action as required by Fed. R. Civ. P. 10.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 2).

**IT IS FURTHER ORDERED** that by **August 30, 2019**, Plaintiff must file a First

Amended Complaint that complies with this Order and corrects all the deficiencies noted herein. If filed, Plaintiff shall indicate on the pleading that it is a "First Amended Complaint." Failure to timely file a First Amended Complaint may result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that if Plaintiff files a First Amended Complaint, it may not be served until the Court has issued its screening order pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 31st day of July, 2019.

_____
Eileen S. Willett
United States Magistrate Judge